MEMORANDUM OPINION


No. 04-05-00645-CR

Martin HARRISON,
Appellant

v.

The STATE of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-5771W
Honorable Mary Roman, Judge Presiding

PER CURIAM
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: November 16, 2005

DISMISSED
            Pursuant to a plea-bargain agreement, Martin Harrison pled nolo contendere to theft and was
sentenced to eighteen months in state jail in accordance with the terms of his plea-bargain agreement.
The trial court has signed a certification of defendant’s right to appeal stating that this “is a plea-bargain case, and the defendant has NO right of appeal.” See Tex. R. App. P. 25.2(a)(2). After
Harrison timely filed a notice of appeal, the trial court clerk sent copies of the certification and notice
of appeal to this court. See id. 25.2(e). The clerk’s record, which includes the trial court’s rule
25.2(a)(2) certification, has been filed. See id. 25.2(d). 
            “In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court’s permission to
appeal.” Tex. R. App. P. 25.2(a)(2). The clerk’s record, which contains a written plea bargain,
establishes the punishment assessed by the court does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant. See id. 25.2(a)(2). The clerk’s record does not include
a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its
permission to appeal. The trial court’s certification, therefore, appears to accurately reflect that this
is a plea-bargain case and that Harrison does not have a right to appeal. We must dismiss an appeal
“if a certification that shows the defendant has the right of appeal has not been made part of the
record.” Id. 25.2(d). 
            We, therefore, warned Harrison that this appeal would be dismissed pursuant to Texas Rule
of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the
right to appeal was made part of the appellate record. See Tex. R. App. P. 25.2(d), 37.1; Daniels v.
State, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). On November 4, 2005, appellant’s
counsel filed a response to our show cause order, in which counsel stated it was her professional
opinion that defendant “will be unable to establish that he has a right to appeal and will not be able
to furnish an amended trial court certification pursuant to Daniels v. State.” Relying on Anders v.
California, 386 U.S. 738 (1967), counsel concludes that in her professional opinion, the appeal is
frivolous and without merit. Relying on High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978),
counsel states that she has informed defendant of further rights regarding his appeal. However, the
requirements of Anders and High do not apply in this case. Because the merits of an appeal are not
considered under rule 25.2(d), we do not address whether an appeal is frivolous.
            Because no amended trial court certification has been filed, this appeal is dismissed pursuant
to rule 25.2(d).
                                                                                    PER CURIAM
Do not publish